UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD M.,

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. C18-5958 JCC

ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits, contending the ALJ erred by rejecting several medical opinions, and requests remand for an award of benefits. Dkt. 9, 14. The Commissioner concedes the ALJ erred, but argues that remand for further administrative proceedings is warranted. Dkt. 13. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).

I.  BACKGROUND

Plaintiff alleges disability beginning March 1, 2015. Dkt. 7, Admin. Record (AR) 59. His undisputed severe impairments include peripheral neuropathy and toe amputation. AR 17. Plaintiff was 50 years old on the alleged onset date, which is defined as "closely approaching advanced age." AR 23; 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00(g). He has a high school

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 1

education and no transferable work skills.  AR 23.  Given his age, education, and work experience, the Medical-Vocational Guidelines would mandate a finding of disability if Plaintiff's residual functional capacity (RFC) were limited to sedentary work.  20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14.  A person who cannot stand or walk more than two hours per day is limited to sedentary work.  20 C.F.R. § 404.1567(a); Social Security Ruling 83-10, 1983 WL 31251 at *5 (S.S.A. 1983).  However, the ALJ determined that Plaintiff could perform light work, further limited in pertinent part to standing and walking four hours per day.  AR 19.

II.  DISCUSSION

Plaintiff contends the ALJ erred by rejecting the opinions of his treating podiatrist, Ejiro Isiorho, DMP, and the opinions of two state agency nonexamining doctors.  Dkt. 9.  Dr. Isiorho opined that Plaintiff could stand and walk for less than two hours total per day.  AR 649.  The state agency doctors opined that Plaintiff could stand and/or walk for two hours total per day.  AR 64, 77.  The Commissioner concedes the ALJ harmfully erred by rejecting these opinions, and remand is thus necessary.  Dkt. 13 at 1-2.

The Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The Court may remand for further proceedings if enhancement of the record would be useful.  *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

All three parts of this test are met. The Commissioner argues that the record is not fully developed because the ALJ considered two other "conflicting medical opinions." Dkt. 13 at 6. One is from a doctor who only examined Plaintiff's shoulder injury related to a worker's compensation claim and offered no opinion on Plaintiff's ability to stand or walk. *See* AR 502-12. The other is from a physical therapist whose opinions the ALJ rejected, a conclusion Plaintiff does not challenge. AR 515-17, 22-23; Dkt. 9. Thus no conflict remains regarding the dispositive issue of Plaintiff's ability to stand and walk. The record is fully developed.

The Commissioner concedes that the second part of the test is met, because the ALJ erred in rejecting Dr. Isiorho's and the state agency doctors' opinions. The third part of the test is met because, if these opinions were credited as true, Plaintiff would be limited to sedentary work and the Medical-Vocational Guidelines would mandate a finding of disability.

Even when all three parts of the test are met, the Court has flexibility "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. The Commissioner argues that the record is "not clear," but offers no argument that the record casts serious doubt on Plaintiff's disability. Dkt. 13 at 6. The Court concludes that the record as a whole does not create any such doubt. Accordingly, the Court remands for an award of benefits.

III. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits under sentence four of 42 U.S.C. § 405(g).

//

//

//

DATED this 26th day of September, 2019.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING
FOR AN AWARD OF BENEFITS - 4